UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YURI CORTEZ, et al.,

                        Plaintiffs,

          -against-                                    09 Civ. 8077 (LAK)

TOM BRADY, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ FILED #: 11/4/09*

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      This is an action by two individuals and Agence France Presse ("AFP"), brought under 28 U.S.C. § 1332, against Tom Brady, and Gisele Bundchen. The original complaint alleged that the two individual plaintiffs were Costa Rican citizens, that AFP is a French autonomous entity headquartered in Paris, that Brady is a U.S. citizen, and that Ms. Bundchen, though born in Brazil, "by virtue of her marriage to Brady and her residence and domicile in New York is considered for purposes of this litigation to be a resident and domiciliary of the State of New York."

      On October 22, 2009, I notified plaintiffs that the original complaint failed adequately to allege subject matter jurisdiction because it failed adequately to allege the citizenship of one or more natural persons and the nature and citizenship of a business entity, viz. Agence France Presse. I further indicated that the action would be dismissed for lack of jurisdiction absent the filing of an amended complaint adequately alleging subject matter jurisdiction.

      In a timely filed amended complaint, plaintiffs made no changes in the allegations with respect to the citizenship of individuals. It altered the allegation with respect to AFP, now asserting that "AFP, a French autonomous entity with its principal place of business located in Paris, France is a citizen of France." Thus, the amended complaint now alleges that all of the plaintiffs are aliens and that Mr. Brady is a U.S. citizen. Its problem, however, is with respect to Ms. Bundchen.

      It long has been established that "the presence of aliens on two sides of a case destroys diversity jurisdiction."*Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 790 (2d Cir. 1980). Thus, if Ms. Bundchen has not sufficiently been alleged to be a U.S. citizen, her presence as a defendant is fatal for jurisdictional purposes.

As an initial matter, the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. CONST., Amen. XIV, § 1. As the amended complaint alleges that Ms. Bundchen was born in Brazil and does not allege that she was naturalized in the United States, the complaint does not adequately allege that she became a citizen by birth or naturalization.

While it once was the case that marriage to a U.S. citizen conferred citizenship on the alien spouse, that no longer is so. RONALD D. STEELE, STEELE ON IMMIGRATION LAW 2D § 15:4, at 15-7 (2009). The law was changed in 1934. Act of May 24, 1934, 73 Cong. Ch. 344, § 4. There is no suggestion in the amended complaint that Mr. Brady and Ms. Bundchen married before May 24, 1934. Indeed, it doubtless would be appropriate to take judicial notice that neither of them had been born by that date. Accordingly, the allegation of citizenship by marriage is erroneous as a matter of law.

Finally, the allegations that Ms. Bundchen acquired U.S. citizenship by establishing residence or domicile here appear to be deficient in the absence of any allegation that she became a citizen by birth or naturalization.

Accordingly, plaintiffs shall show cause, on or before November 12, 2009, why the action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: November 4, 2009

_____
Lewis A. Kaplan
United States District Judge